1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommie Lee HAMLETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2005.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1993.
 
 Before: GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Tommie Lee Hamlett appeals the denial of his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a written plea bargain agreement, Hamlett pleaded guilty to a single count of conspiracy to distribute cocaine in the district court on June 6, 1991. The district court accepted the plea and sentenced petitioner to 60 months imprisonment, the statutory minimum sentence applicable to petitioner's offense. No direct appeal was taken.
 
 
 3
 Hamlett filed the instant motion to vacate his sentence in the district court alleging that: (1) he received ineffective assistance of counsel at sentencing; (2) his sentence was miscalculated under the sentencing guidelines; and (3) his sentence is disproportionate to those received by codefendants. The government responded in opposition to the motion. The district court denied the motion and also denied a motion for an extension of time in which to file a traverse to the government's response.
 
 
 4
 Upon consideration, we affirm the judgment of the district court. First, petitioner's claims that he received ineffective assistance of counsel and that his sentence was miscalculated are without merit. In essence, petitioner contends that the sentencing guideline range applicable to his offense was miscalculated and that his attorney failed to object to the miscalculation. However, these claims are without merit because petitioner received the mandatory minimum sentence applicable to his offense properly calculated under the guidelines.
 
 
 5
 Generally, the sentencing guidelines adopt rather than displace an applicable statutory minimum sentence. United States v. Taylor, 882 F.2d 1018, 1032 (6th Cir.1989), cert. denied, 496 U.S. 907 (1990). Where a mandatory minimum sentence is imposed by statute, the mandatory minimum sentence constitutes the lower guideline range. See U.S.S.G. Sec. 5G1.1. Here, petitioner pleaded guilty to conspiracy to distribute over 500 grams of cocaine. A mandatory minimum sentence of 5 years imprisonment is provided by statute for a conviction involving this quantity of cocaine. 21 U.S.C. Sec. 841(b)(1)(B). Thus, the sentence of 60 months imprisonment received by petitioner constitutes the lower sentencing guideline range applicable to petitioner's offense.
 
 
 6
 Moreover, the calculation of the guidelines applicable to petitioner's offense, including application of the 5 year mandatory minimum sentence, was appended to petitioner's plea bargain agreement. Further, the transcript of petitioner's guilty plea reveals that the mandatory minimum sentence was fully explained to petitioner by the district court on this occasion as well. Petitioner indicated to the court that he understood that he faced a sentence of at least 60 months under the guidelines. Therefore, petitioner acted under no misconception in entering his plea of guilty to conspiracy to distribute cocaine.
 
 
 7
 Second, petitioner's contention that his sentence is disproportionate to those received by codefendants is without merit. The district court may consider a downward departure from a statutory minimum sentence only upon motion by the government based upon substantial assistance to the government provided by a defendant. See Wade v. United States, 112 S.Ct. 1840, 1843 (1992); United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990). The government asserts that the sentencing disparity was created due to motions filed on behalf of petitioner's codefendants following their substantial assistance to the government which petitioner did not provide. Although petitioner contends that he is similarly situated to codefendants who received the benefit of government motions for reduction of sentences, petitioner has not alleged an unconstitutional refusal by the government to file such a motion in his case. See Wade, 112 S.Ct. at 1843-44. Therefore, petitioner's claim is not cognizable under Sec. 2255.
 
 
 8
 Finally, it is noted that petitioner was not prejudiced by the district court's denial of his motion for leave to file a traverse to the government's response to his Sec. 2255 motion. Petitioner contends that the government served its response upon petitioner at an old address, depriving him of the opportunity to tender his traverse before the district court rendered its judgment. However, petitioner has appended a copy of the traverse to his brief on appeal, and the claims raised therein have been addressed herein. As has been shown, petitioner's claims on appeal are without merit in any event.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.